**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHUNAI JIN,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 14-73228<br><br>Agency No. A098-392-468<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2016[**]

Before:     BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Chunai Jin, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' order dismissing her appeal from an immigration judge's

decision denying her application for asylum, withholding of removal, and relief

under the Convention Against Torture ("CAT").   We have jurisdiction under

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.   We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we deny the petition for review.

Among other things, the agency found Jin not credible based on inconsistencies within her testimony as to when she hid North Korean refugees and, relatedly, when the Communist Party denied her husband membership in the party.   The agency also found Jin not credible based on an inconsistency between her testimony and documentary evidence as to whether she was arrested in China. Substantial evidence supports the agency's adverse credibility determination based on these findings.   *See id*. at 1048 (adverse credibility determination was reasonable under the "totality of the circumstances").   Jin's explanations do not compel a contrary result.   *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, Jin's asylum and withholding of removal claims fail.   *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Jin's CAT claim also fails because it is based on the same testimony the agency found not credible, and Jin does not point to any evidence that compels

14-73228

the conclusion that it is more likely than not she would be tortured if returned to

China.   *See id*. at 1156-57.

**PETITION FOR REVIEW DENIED.**